11th Court of
Appeals

 Eastland, Texas

          Opinion

 

Ericton Carnell
Franklin

Appellant

Vs.                   No. 11-02-00349-CR B Appeal from
Brown County

State of Texas

Appellee

 

The jury convicted Ericton Carnell Franklin of delivery of
cocaine in a drug-free zone.  The trial
court assessed his punishment at confinement for 10 years.  We affirm.

      Background
Facts

Billy Bloom, an agent with the West Central Texas Interlocal
Crime Task Force, testified that his primary responsibility with the task force
was to investigate not only drug trafficking and distribution, but also the
people who manufacture or possess illegal drugs.  Agent Bloom stated that most of his investigations involved
either an officer going undercover to infiltrate and purchase drugs or, in
cases where there is a “safety issue,” a cooperating individual will go
directly to the dealer.  On March 7,
2001, Agent Bloom spoke with Randolph Lynn Speake, II, who was cooperating in
the investigation of appellant.  Agent
Bloom took Speake to an isolated area and searched to be sure that Speake did
not have any illegal drugs, weapons, or any type of contraband.  Agent Bloom gave Speake two $20 dollar bills
to purchase crack cocaine.  

Agent Bloom drove Speake to the block where appellant
lived.  Appellant’s residence was within
1000 feet of Cecil Holman Park.  The
park was equipped with an outdoor playground open to the public and intended
for recreational use.  The playground
had a slide, a swing set, teeter-totter boards, monkey bars, and a sand box
area.  Agent Bloom further stated that
the playground was not on the premises of a school.








Agent Bloom watched Speake go into appellant’s
residence.  After a while, Speake came
out of the house and walked to Agent Bloom’s vehicle.  In the vehicle, Speake handed Agent Bloom two rocks of crack
cocaine.  

Speake testified that at the time of trial he had been
benched warranted from the Dallas County Jail where he had a case pending
against him.  Speake stated that, on
March 7, 2001, he worked with Agent Bloom investigating drug transactions in
Brown County.  On March 7, he was
wearing a recording device when he went to appellant’s house.  Speake used the $40 that Agent Bloom had
given him to buy two rocks of crack cocaine. 
Speake gave the rocks of crack cocaine to Agent Bloom.  

The tape recording was played for the jury.  The voices of appellant and of Speake were
identified by both Agent Bloom and Speake. 
In the tape, appellant arranged to buy two 9-millimeter guns plus ammo
for $200 a piece from Speake’s “buddy” in Dallas.  Appellant also delivered to Speake two rocks of crack
cocaine.  The rocks were identified in
the laboratory report as weighing .27 grams and containing cocaine.  

              Court-appointed
Counsel’s Brief

Appellant’s court-appointed counsel has filed a brief in which
he states that, after a diligent search of the record and consulting with
appellant, he is unable to identify any arguable ground for reversal.  Counsel states that the indictment, the
trial on the merits, and the sentencing contain no reversible error.  Counsel has furnished appellant with a copy
of the brief and advised appellant of his right to review the record and file a
pro se brief.  A pro se brief has not
been filed.  Counsel has complied with
the procedures outlined in Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807
(Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and
Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969).

       Appellant’s
Suggested Issues








When counsel asked appellant for input on possible grounds
of error, appellant informed counsel of the following: the “complete disregard”
of TEX. CODE CRIM. PRO. ANN. art. 38.141 (Vernon Pamph. Supp. 2003); that the
jury disregarded the trial court’s instructions; that there was “no proof” that
the transaction took place in a drug-free zone; that one of the State’s
witnesses violated the motion in limine; and that the trial court erred by
failing to grant a motion for new trial. 
Following the procedures outlined in Anders v. California, supra, and
Gainous v. State, supra, counsel has briefed these five issues.

            First,
appellant argues that the requirements of Article 38.141 were not met. However,
this statute does not apply to the facts of this case. Article 38.141 provides
for the corroboration of the testimony of a witness who is neither a licensed
peace officer nor a special investigator and was added to the Code of Criminal
Procedure effective September 1, 2001. 
The offense in this case was committed on March 7, 2001, more than five
months before Article 38.141 was in effect. 
Moreover, counsel points out that Speake’s testimony is corroborated
through the tape recording and through Agent Bloom’s testimony.  We agree. 
The first issue is overruled.

Next, appellant argues that the jury disregarded the trial
court’s instruction.  Appellant contends
that the conviction should be overturned because “he was convicted by their
opinion.”  The jury was the sole trier
of fact and, as such, could believe all, part of, or none of any of the
witnesses’ testimony.  TEX. CODE CRIM.
PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981).  Nothing in the record indicates that the
jury failed to follow the court’s instructions or improperly exercised its duty
as finder of fact.  The second issue is
overruled.

In the third issue, appellant argues that there is no
evidence that the transaction occurred in a drug-free zone.  TEX. HEALTH & SAFETY CODE ANN. § 481.134
(Vernon 2003) provides that a drug-free zone includes a playground not located
on the same premises as a school that is open to the public, is intended for
recreational use, and has three or more “separate apparatus intended for the
recreation of children.”  Agent Bloom
described the playground at the park in sufficient detail to meet the
definition of a drug-free zone.  The
third issue is overruled.








Next, appellant complains that Agent Bloom violated his
motion in limine concerning unadjudicated extraneous offenses.  The trial court granted the motion but, when
Agent Bloom testified, appellant objected that the testimony was hearsay
and  non-responsive.  Both objections were sustained, and the jury
was instructed to disregard.  Motions
for mistrial were not made.  At trial,
appellant received the relief he requested, and he now raises a different
complaint on appeal. Appellant has not preserved this issue for appellate
review.  TEX.R.APP.P. 33.1.

Finally, appellant complains that the trial court erred when
it did not grant a mistrial.  Appellant
does not specify exactly what in the record would support a mistrial.  After reviewing the record, we find that the
trial court did not err in overruling appellant’s motions for mistrial.  The fifth issue is overruled.

All of appellant’s suggestions made to his court-appointed attorney
and stated in counsel’s brief have been considered.  Each argument is overruled.

 This
Court’s Independent Review

Following the procedures outlined in Anders, we have
independently reviewed the record.  We
note that the evidence is both legally and factually sufficient.  Jackson v. Virginia, 443 U.S. 307 (1979);
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66
S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000);
Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  The record reflects that trial counsel
rendered reasonably effective assistance. 
Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999); Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App.1986).  We agree that the appeal is without merit.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

July
10, 2003

Do
not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists
of: Arnot, C.J., and

Wright, J., and
McCall, J.